IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Cassandra M. Smith, | ) | C/A No. 3:18-3011-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Ralph Goldberg, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Cassandra M. Smith, a self-represented litigant, filed this action *in forma pauperis* under 28 U.S.C. § 1915.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss for lack of personal jurisdiction.  (ECF No. 18.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Smith of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion.  (ECF No. 19.)  Smith filed a response in opposition to the motion (ECF No. 23), and the defendant filed a reply (ECF No. 26).  Having reviewed the record presented and the applicable law, the court finds this action should be transferred to the United States District Court for the Northern District of Georgia.

**BACKGROUND**

The following allegations are taken as true for purposes of resolving the defendant's motion to dismiss.  Smith, a resident of Blythewood, South Carolina, brings this breach of contract action for damages against her former attorney, Defendant Ralph Goldberg.  (Compl., ECF No. 1 at 1.)

Smith hired Goldberg on September 20, 2011 to represent her in an employment action against her former employer, the University of Georgia Board of Regents.  (Id. at 4.)  Goldberg is an attorney licensed to practice law in the state of Georgia, and his office is in Tucker, Georgia.  (Id. at 2.)  Goldberg filed the lawsuit in Georgia's Fulton County Superior Court in 2011.  (Id. at 7.)  Smith alleges Goldberg breached the representation agreement by failing to file an appeal and by requiring Smith to pay an additional fee.  (Id. at 5.)

Goldberg now moves to dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## DISCUSSION

The court concludes that it lacks personal jurisdiction over Goldberg.  A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law under Federal Rule of Civil Procedure 4(k)(1)(A).  Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997)).  "Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied:  (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment."  Id. (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)).   South Carolina's long-arm statute has been held to extend jurisdiction "to the outer limits" of due process, Fed. Ins. Co. v. Lake Shore, Inc., 886 F.2d 654, 657 n.2 (4th Cir. 1989); therefore, the court can proceed directly to the question of whether exercising personal jurisdiction over Goldberg is constitutionally permissible.  ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 391 (4th Cir. 2012).



The due process analysis differs depending on whether the personal jurisdiction is based on general or specific jurisdiction. "To establish general jurisdiction over the defendant, the defendant's activities in the State must have been 'continuous and systematic,' a more demanding standard than is necessary for establishing specific jurisdiction." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)). Here, Smith puts forth no facts or evidence, as is her burden, that would suggest that Goldberg's contacts with South Carolina are continuous and systematic. See Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016) ("When determining whether a plaintiff has made the requisite *prima facie* showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff. Ultimately, however, a plaintiff must establish facts supporting jurisdiction over the defendant by a preponderance of the evidence.") (citing Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989)). Thus, Smith fails to show that the court has general jurisdiction over Goldberg.

But, where a defendant's contacts with the forum state are the basis the suit, those contacts may establish specific jurisdiction. For a court to exercise specific jurisdiction over the defendant, the court must consider (1) the extent to which the defendant "purposefully availed" himself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claim arises out of those activities directed at the forum state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." ALS Scan, Inc., 293 F.3d at 712 (citing Christian Science Board of Directors, 259 F.3d at 216).

Here, Smith's claim arises out of Goldberg's representation of Smith in a state employment lawsuit in Georgia. In response to the motion, Smith claims she communicated with Goldberg by

email, postal mail, telephone, and fax from her home in South Carolina, and that she paid Goldberg through a South Carolina bank.  (ECF No. 23 at 2-4.)  However, such incidental contact related to out-of-state litigation is not sufficient to satisfy the purposeful availment standard for specific jurisdiction.  See Newsome v. Gallacher, 722 F.3d 1257, 1280-81 (10th Cir. 2013) (holding that an "an out-of-state attorney working from out-of-state on an out-of-state matter does not purposefully avail himself of the client's home forum's laws and privileges, at least not without some evidence that the attorney reached out to the client's home forum to solicit the client's business" and collecting similar cases); Sawtelle v. Farrell, 70 F.3d 1381, 1392 (1st Cir. 1995) (finding the attorney defendants' written and telephone communications to their clients in the forum state, without more, did not confer personal jurisdiction over the defendants); Sher v. Johnson, 911 F.2d 1357, 1363 (9th Cir. 1990) ("Out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state."); Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 226 (8th Cir. 1987) (finding no personal jurisdiction over the defendant law firm, whose only connection to the forum state was its representation of a forum state corporation in connection with litigation taking place wholly outside of the forum state, even where the firm sent staff to the forum state and made phone calls to the forum state); see also Rowe v. Gary, Williams, Pareni, Watson & Gray, P.L.L.C., 723 F. App'x 871, 875 n.4 (11th Cir. 2018) (adopting the Tenth Circuit's analysis in Newsome); Thompson v. Cartlidge, 158 F.3d 583 (5th Cir. 1998) (unpublished) (finding the defendant attorney's regular communication to his client in the forum state about a pending lawsuit was not enough to establish minimum contacts).  Courts in this district have adhered to this view. Cf. KCI Mgmt. Corp. v. Posternak, Blankenstein & Lund, LLP, C.A. #2:03-1633-23,

2005 WL 8164113, at *3 (D.S.C. Aug. 8, 2005) ("While the *bare existence* of an attorney-client relationship is insufficient contact to subject the attorney to jurisdiction in the client's state, an attorney who maintains an ongoing relationship with the client purposefully directs his activities toward the forum state so that litigation there is foreseeable and jurisdiction is consistent with due process.") (emphasis added); see also First Reliance Bank v. Romig, Civil Action No. 4:14-cv-00084-BHH, 2014 WL 5644602, at *6 (D.S.C. 2014) (finding that, generally, personal jurisdiction in a legal malpractice case is supported by the attorney's connection with the litigation rather than the attorney's relationship with the client because the attorney needs to be connected to the forum state by more than a mere accusation of harming one of the forum state's residents).

A small minority of state courts have held that representation of a out-of-state client for a matter in the attorney's home state is alone sufficient to establish personal jurisdiction over the attorney in the client's state. See In Personam Jurisdiction, Under Long-Arm Statute, over Nonresident Attorney in Legal Malpractice Action, 78 A.L.R. 6th 151, III. § 6 (2012).[1]  However, the court is not persuaded by those decisions, especially in absence of any indication that Goldberg sought out a client in South Carolina.  Importantly, Smith indicates that at the time she hired Goldberg, she lived in Georgia.  (ECF No. 23 at 3.)  Thus, Smith fails to provide any indication that Goldberg *purposefully* sought to have any contact with South Carolina.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 466 (1985) (clarifying that the defendant himself must create a substantial connection to the forum state, and that connection cannot be created by the unilateral activity of another party).  Accordingly, Smith also fails to show that the court has specific jurisdiction over Goldberg.

---

[1] The court is unaware of any authority from South Carolina's courts on this issue.



Additionally, though not raised by the parties, the court also finds that venue for this matter is improper in this district and that the matter should be transferred to the United States District Court for the Northern District of Georgia.  See Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.  If the matter is raised sua sponte, the parties deserve an opportunity to be heard before a decision is rendered.").[2]  The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.  Here, Smith alleges that she hired Goldberg, a Georgia attorney in DeKalb County, to file a lawsuit in Fulton County, and that Goldberg breached that contract during the course of the litigation.  Thus, under the general venue statute, this action could be properly brought in the Northern District of Georgia, which includes DeKalb and Fulton Counties, where a substantial part of these events occurred that give rise to Smith's legal malpractice claim.

Finding that the court lacks personal jurisdiction over Goldberg, and that venue is proper in the Northern District of Georgia, the court may either dismiss the action pursuant to Rule 12(b)(2),

---

[2] The parties will have the opportunity to be heard on this matter in their objections to the Report and Recommendation.



or transfer the matter to the proper venue.  The court finds that in the interest of justice, this matter should be transferred to the Northern District of Georgia.

Where a matter is filed in the wrong district, the court shall dismiss the matter, or, if it be in the interest of justice, transfer the matter to a district in which it could have been brought.  28 U.S.C. § 1406.  In considering whether a transfer is in the interest of justice, courts in this circuit consider: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice.  Trs. of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015) (analyzing "interest of justice" under 28 U.S.C. § 1404(a)).[3]  The court may transfer the matter even where personal jurisdiction over the defendant is lacking.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); In re Carefirst of Md., Inc., 305 F.3d 253, 256 (4th Cir. 2002).

Transfer, rather than dismissal, is the more just and favorable outcome here because the parties would reach the merits of this matter faster and with less cost than if Smith had to refile the matter in a new forum.  Smith's status as a *pro se* litigant weighs against the court's dismissing her case for mistakenly filing this matter in the wrong venue, especially in the absence of evidence of ill intent in filing the matter here.  See Bond v. ATSI/Jacksonville Job Corps Ctr., 971 F. Supp. 2d 33, 36 (D.D.C. 2013).  Moreover, dismissal could produce an unduly harsh result in this case, given that the statute of limitations may preclude a future action.  (ECF No. 26 at 1); see Bond, 971 F.

---

[3] The standard for determining "interests of justice" is the same under § 1406(a) as it is under § 1404(a) (allowing transfer for the convenience of the parties and witnesses).  Nichols, 991 F.2d at 1201 n.5; Parham v. Weave Corp., 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004); Affinity Memory & Micro, Inc. v. K & Q Enters., Inc., 20 F. Supp. 2d 948, 954 n.12 (E.D. Va. 1998).



Supp. 2d at 36-37 ("[T]he interests of justice . . . favor transfer over dismissal where . . . statute of limitations issues might prevent plaintiff from re-filing her action in a proper forum.").

**RECOMMENDATION**

Based on the foregoing, the court concludes that it lacks personal jurisdiction over the defendant and recommends that this matter be transferred to the United States District Court for the Northern District of Georgia.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 20, 2019
Columbia, South Carolina

_The parties' attention is directed to the important notice on the next page._

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).