## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CASSANDRA M. SMITH,
     Plaintiff,

          v.

RALPH GOLDBERG,
     Defendant.

Civil Action No.
1:19-cv-02651-SDG

### ORDER

This matter is before the Court on Defendant's motion for summary judgment [ECF 45] and Plaintiff's motion for default judgment [ECF 51]. For the reasons stated below, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

## I.  BACKGROUND

### a.  Facts

Unless otherwise noted, the following facts are not disputed by the parties or are supported by undisputed evidence in the record. Smith filed suit, *pro se*, in the United States District Court for the District of South Carolina against Goldberg for breach of contract.[1] The basis for the Court's jurisdiction was diversity of citizenship.[2] At the time the Complaint was filed, Smith was a citizen of South

---

[1]  ECF 1.

[2]  *Id.*

Carolina and Goldberg was a citizen of Georgia.[3] Smith alleged damages in excess of the necessary amount in controversy.[4] Goldberg is Smith's former attorney and also represents himself in this action.

On September 20, 2011, Smith, Goldberg, and Goldberg's law firm (Goldberg & Cuvillier, P.C. (the "Firm")) entered into a fee contract (the "2011 Fee Contract").[5] The Fee Contract states that Smith "retained, employed, and authorized [Goldberg] to "prosecute/defend [Smith's] claim against the [Georgia] State Board of Regents" (the "Underlying Litigation").[6] At the time the 2011 Fee Contract was executed, Smith listed her residence as being in the State of Georgia.[7] The authenticity of the contract is not in dispute.

In the Underlying Litigation, the trial court denied summary judgment to the Board of Regents (and the other defendants) and all parties appealed.[8] Prior to

---

[3]   *Id.* at 2.

[4]   *Id.*

[5]   ECF 23-1, at 41–44. The Firm is not a party to this action.

[6]   *Id.* at 41 ¶ 1.a.; *Smith v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 2011CV207318 (Fulton Cty. Ga. Super. Ct.).

[7]   ECF 23-1, at 44.

[8]   ECF 46, ¶ 4; *Smith v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 2011CV207318, 2012 WL 11979365 (Fulton Cty., Ga. Super. Ct. Dec. 3. 2012); *Freeman v. Smith*, 324 Ga. App. 426 (2013).

that point, Goldberg warned Smith about the risks of going to trial.[9] He and Smith disagreed about a settlement offer made by the Board of Regents and the appropriate contents of a counteroffer by Smith.[10] On the appeal from the trial court's denial of summary judgment to the defendants, the Georgia Court of Appeals reversed and ruled against Smith entirely.[11] Smith's petition to the Georgia Supreme Court was ultimately denied.[12]

On December 13, 2013, Smith, Goldberg, and the Firm entered into a second Fee Contract (the "2013 Fee Contract").[13] This time, Goldberg was engaged to file the petition for writ of certiorari to the Georgia Supreme Court.[14] The authenticity of this second agreement is not in dispute. At the time it was executed, Smith continued to list her address as being in the State of Georgia.[15]

In the Complaint here, Smith asserts that Goldberg breached the 2011 Fee Contract by "failing to file an appeal in the [Underlying Litigation,] by requiring

---

[9]   ECF 45, ¶¶ 4–6.

[10]  *Id.* ¶¶ 5–6.

[11]  *Id.* ¶ 12 (citing *Freeman*, 324 Ga. App. 426).

[12]  *Freeman*, 324 Ga. App. 426; ECF 23-1, at 16–17 (indicating Supreme Court denied certiorari 7–0).

[13]  ECF 23-1, at 45 ¶ 1.a.

[14]  *Id.*

[15]  *Id.* at 48.

that [she] pay him an additional $15,000.00 under duress."[16] She also alleges that Goldberg breached the contract by "infringing his fiduciary duty to [Smith], and engag[ing] in intentional, unprofessional, and misleading conduct."[17]

### b.    Procedural History

On December 20, 2018, Goldberg filed a motion to dismiss based on the lack of personal jurisdiction over him by the court for the District of South Carolina, where the action was initially filed.[18] Smith opposed the motion, arguing that Goldberg had sufficient minimum contacts with the state sufficient for that court to properly exercise jurisdiction over him.[19] Goldberg filed a reply.[20] In a footnote in his reply, Goldberg argued that Smith's claim was barred under Georgia's four-year statute of limitation for legal malpractice claims.[21]

On March 20, 2019, a magistrate judge of the District of South Carolina recommended that the case be transferred to the Northern District of Georgia

---

[16]   ECF 1, ¶ 7.

[17]   *Id.* ¶ 8.

[18]   ECF 18.

[19]   ECF 23.

[20]   ECF 26.

[21]   *Id.* at 1 n.1.

rather than dismissed for lack of personal jurisdiction over Goldberg.[22] In making this recommendation, the magistrate judge noted that "dismissal [rather than transfer] could produce an unduly harsh result in this case, given that the statute of limitations may preclude a future action."[23]

In adopting the magistrate judge's report and recommendation, the district court went even further. That court concluded this action was in fact "*brought within the statutory period*" because it satisfied Georgia's six-year limitations period applicable to simple contracts.[24] It held that the Complaint asserted only a breach of contract claim, not one for legal malpractice.[25]

## II.     LEGAL STANDARD

### a.     Standard for Granting Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[22]   ECF 27.

[23]   *Id.* at 7–8 (citations omitted).

[24]   ECF 37, at 2.

[25]   *Id.* at 4.

248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and cannot be made by the district court. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Smith did not respond to Goldberg's Statement of Material Facts Not in Dispute, filing only an opposition brief arguing that her claim sounds in contract.[26] This violated the Court's local rules. LR 56.1(B)(2)(a)(2), NDGa. *See also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (explaining that plaintiff's "failure to comply with [this Court's] local rule 56.1 is not a mere technicality"). Each of Goldberg's facts is supported by a citation to record evidence or evidence of which the Court may take judicial notice.[27] *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (holding that, "after deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact") (internal quotation marks omitted) (citation omitted). The Court has reviewed the record and concludes that the facts in Goldberg's Statement of Material Facts Not in Dispute on which this Order relies are properly supported by his citations. Accordingly, the Court deems the facts in Goldberg's Statement admitted.[28]

---

[26] ECF 45-2 (Def.'s SMF); ECF 47 (Pl.'s Opp.).

[27] ECF 45-2, at 1–3.

[28] LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the

### b.   Georgia Law Applies to this Diversity Action.

Although not raised by the parties, the Court must determine what state's law applies to this diversity action. "In diversity cases, the choice-of-law rules of the forum state determine what law governs." *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). This includes the forum state's own choice of law rules. *Ferguson v. Trans World Airlines, Inc.*, 135 F. Supp. 2d 1304, 1308 (N.D. Ga. 2000).

For contract cases, "Georgia follows the traditional rule of *lex loci contractus*." *McGill v. Am. Trucking & Trans., Ins. Co.*, 77 F. Supp. 3d 1261, 1264 (N.D. Ga. 2015). Pursuant to this doctrine, "contracts are governed by the law of the place where they were 'made.'" *Id*. Contracts are "made" where "the last act essential to the completion of the contract was done." *Gen. Tel. Co. of Se. v. Trimm*, 252 Ga. 95, 95 (1984) (citing *Peretzman v. Borochoff*, 58 Ga. App. 838 (1938)).

Here, the last act necessary to "make" the relevant Fee Contracts was the parties' agreement to the contracts—by Goldberg, a Georgia citizen, and Smith,

---

movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1)."); *id.* at LR 56.1(B)(2)(a)(3) ("The Court will deem the movant's citations supportive of its facts unless the respondent specifically informs the Court to the contrary in the response.").

who identified her address at the time as being in Georgia.[29] *Int'l Bus. Machines Corp., v. Kemp*, 244 Ga. App. 638, 641–62 (2000) (under Georgia law, laws of state where acceptance occurs govern contract). Further, the record reveals that the contract was to be performed in Georgia—Goldberg was to sue the Georgia Board of Regents related to Smith's alleged wrongful termination; the Firm is located in Georgia; and Goldberg is licensed to practice in Georgia.[30] *Kemp*, 244 Ga. App. at 642. Nor do the parties here dispute that Georgia law governs.

Accordingly, the Court applies substantive Georgia law.[31]

---

[29] ECF 23-1, at 44, 48. Although it is not clear where the parties were located when each accepted and executed the contracts (or which one of them made the final acceptance) because the parties did not brief this issue, there is no indication in the record that any of this occurred outside the State of Georgia.

[30] *Id.* at 15–18, 41, 44.

[31] Goldberg argues that, without the alleged damages connected to Smith's legal malpractice claim, the amount in controversy required for diversity jurisdiction is not satisfied. ECF 45-1, at 3. The Supreme Court has long held that amount in controversy is evaluated based on the allegations in the complaint. *Smithers v. Smith*, 204 U.S. 632, 644 (1907) ("We know of no case that holds that in such a situation the judge of the circuit court is authorized to interpose and try a sufficient part of the controversy between the parties to satisfy himself that the plaintiff ought to recover less than the jurisdictional amount, and to conclude, therefore, that the real controversy between the parties is concerning a subject of less than the jurisdictional value, and we think that, by sound principle, he is forbidden to do so.").

Smith alleged contractual damages far in excess of the $75,000 required under 28 U.S.C. § 1332(a), including fees she claims she had to pay because of Goldberg's breach and the proposed settlement amount in the Underlying

## III.    DISCUSSION

### a.    To the Extent Smith's Claim Sounds in Tort, It Is Barred by the Applicable Statute of Limitation.

Although Smith has framed her sole cause of action as one for breach of contract, Goldberg argues that it is properly treated as one for legal malpractice and therefore barred by the applicable statute of limitation.[32] In the Complaint, Smith asserts that Goldberg breached the 2011 Fee Contract by "failing to file an appeal in the case by requiring that [she] pay him an additional $15,000.00 under duress."[33] She also alleges that Goldberg breached the contract by "infringing his fiduciary duty to [Smith], and engag[ing] in intentional, unprofessional, and misleading conduct."[34]

In opposing Goldberg's motion for summary judgment, Smith correctly states that "[t]he question to be determined here is whether the actions or omissions complained of constitute a violation of duties imposed by law, or of

---

Litigation. ECF 1, at 2–3. Since there is no indication that the amount claimed as damages in Smith's Complaint was made in bad faith, the amount in controversy has been satisfied. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Smithers*, 204 U.S. at 642.

[32]   ECF 45-1, at 2–3.

[33]   ECF 1, ¶ 7.

[34]   *Id.* ¶ 8.

duties arising by virtue of the alleged express agreement between the parties."[35] Smith—notwithstanding the conclusions of the transferor court (discussed below)—is incorrect in her assessment that her claim sounds exclusively in contract.

### i.   A Portion of Smith's Claim Is Really for Legal Malpractice.

To the extent Smith claims that Goldberg breached fiduciary duties or engaged in negligent or fraudulent conduct, her claim is one for legal malpractice. "The gravamen of [such a] suit is a claim of legal malpractice. 'In Georgia legal malpractice is based upon the breach of a duty imposed by the attorney-client contract of employment, and as such, the applicable statute of limitation is four years.'" *Loftin v. Brown*, 179 Ga. App. 337, 338 (1986) (quoting *Riddle v. Driebe*, 153 Ga. App. 276, 279 (1980)). *See also Botes v. Weintraub*, 463 F. App'x 879, 885 (11th Cir. 2012) (upholding district court's construction of breach of contract claim as one for legal malpractice; plaintiff's "breach-of-contract claims . . . rested on [attorney's] alleged performance deficiencies, such as failing to challenge bond conditions, mismanaging the polygraph examination, and failing to examine discovery documents and interview witnesses. As such, these claims directly implicated

---

[35]   ECF 47, at 3.

[attorney's] exercise of ordinary care, skill, and diligence in representing [plaintiff], and were properly construed as allegations of legal malpractice.") (citations omitted); *Beasley v. West*, Civ. A. No. 1:15-cv-4193-AT-JFK, 2017 WL 6337472, at *3 (N.D. Ga. Sept. 28, 2017) ("[A] plaintiff alleges a claim of legal malpractice when the plaintiff alleges that the defendant attorney breached his duty under an agreement for professional legal services.") (citations omitted).

### ii.   The Four-Year Statute of Limitation Bars Smith's Tort-Based Allegations.

The exact timeframe of when Goldberg allegedly engaged in the offending tortious conduct is not entirely clear from the record, but it could not have happened later than February 2014. That is because Smith's complaints relate to Goldberg's actions in his representation of her in the Underlying Litigation, which was finally terminated on February 24, 2014 with the Georgia Supreme Court's

denial of certiorari.[36] Smith did not initiate this action until November 2018 — more than four years later.[37]

"In an action for damages against an attorney at law for unskillfulness or negligence, the statute of limitation runs from the date of the breach of the duty and not from the time when the extent of the resulting injury is ascertained nor from the date of the client's discovery of the error." *Jankowski v. Taylor, Bishop & Lee*, 154 Ga. App. 752, 755 (1980). *See also Shores v. Troglin*, 260 Ga. App. 696, 696 (2003). Accordingly, to the extent Smith's breach of contract claim is based on Goldberg's alleged breach of fiduciary duties, or negligent or fraudulent conduct, it is barred by Georgia's statute of limitation.[38] This includes Smith's demand that

---

[36] *See generally* ECF 23-1, at 4–14, 25–31 (correspondence between Smith and Goldberg concerning Underlying Litigation and appeal); *Freeman*, 324 Ga. App. 426, *cert. denied* Feb. 24, 2014. *See also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.") (citations omitted); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[37] ECF 1.

[38] Even if the Court applied South Carolina's statute of limitation, Smith's tort-based allegations would fare no better. That state's limitations period is even shorter than Georgia's. *Pers. Care, Inc. v. Theos*, 825 S.E.2d 281, 286 (S.C. Ct. App. 2019) ("Section 15-3-530 of the South Carolina Code (2005) provides for a three-year statute of limitations for legal malpractice lawsuits. 'Under the

Goldberg pay her the settlement amount she wanted from the Board of Regents
(but that Goldberg refused to make) in the Underlying Litigation:

- $500,000, "additional educational expenses, selling of Georgia property," and benefits Smith "would have accrued" if she had not purportedly been improperly terminated, "including lost wages, medical and dental health insurance, retirement benefits, sick leave, vacation compensation, and all fringe benefits and seniority status," and

- compensatory damages for her "loss of reputation, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life" because of the unlawful acts of the Board of Regents and other defendants in the Underlying Litigation.[39]

This is true despite the District of South Carolina's statement that Smith's claim was not for legal malpractice and was not barred by the four-year statute of limitation.[40] First, that court's ruling was *dictum* since it was unnecessary to the decision to adopt the magistrate judge's report and recommendation to transfer

---

discovery rule, the limitations period commences when the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some claim against another party might exist.'") (quoting *Stokes-Craven Holding Corp. v. Robinson*, 787 S.E.2d 485, 489 (S.C. 2016)).

[39]   ECF 1, at 10 ¶¶ 1-3. There is no evidence in the record indicating that the Board of Regents would have accepted Smith's settlement demand if it had been made.

[40]   ECF 37, at 4.

the action to this Court. Dictum, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining *obiter dictum* as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential").

Second, a "court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *City of Jacksonville, Fla. v. Mun. Elec. Auth. of Ga.*, Civ. A. No. 1:19-cv-3234-MHC, 2019 WL 7819487, at *2 (N.D. Ga. Sept. 18, 2019) (internal quotation marks omitted) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370 (11th Cir. 2003)). Here, the *dictum* in the South Carolina court's transfer order was a clearly erroneous interpretation of Georgia law and would work a manifest injustice against Goldberg by depriving him of the benefit of the applicable statute of limitation. It appears that the South Carolina district court did not fully analyze this somewhat complex area of Georgia law, likely because it did not have the benefit of full briefing on the issue and was

instead directing its opinion toward the appropriateness of transfer rather than dismissal.[41]

### iii. Even if the Statute of Limitation Did Not Bar Smith's Tort-Based Claim, Smith Failed to Present any Evidence Showing Goldberg Failed to Act with the Necessary Ordinary Care.

Goldberg argues that, because Smith has no expert affidavit from an attorney, summary judgment must be granted in his favor.[42] Goldberg is correct. Even if Smith's tort-based claim were not barred by the applicable statute of limitation, Goldberg would be entitled to summary judgment because Smith has not provided any expert testimony in support of her assertions that Goldberg was negligent. Such evidence is a substantive requirement of Georgia law that applies in this diversity action. *Botes*, 463 F. App'x at 885 ("[A]n expert affidavit is required to establish genuine issues of fact for the jury in a legal malpractice claim" under Georgia law); *Johnson v. Butcher,* 165 Ga. App. 469, 470–71 (1983) ("[I]t may be said that in a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillful manner. This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the grant of summary judgment in favor of the attorney is proper."). *See also*

---

[41]   ECF 26, at 1 n.1; ECF 37, at 4–5.

[42]   ECF 45-1, at 3–4.

*Helmich v. Kennedy*, 796 F.2d 1441, 1442–43 (11th Cir. 1986) (same); *Beasley*, 2017 WL 6337472, at *3, *4, *5 (same). Smith has therefore failed to rebut the presumption in favor of Goldberg that his legal services were performed in "an ordinarily skillful manner."

### b. For the Portion of Her Claim Sounding in Contract, Smith Has Not Shown any Genuine Issue of Material Fact with Regard to Her Alleged Damages.

This leaves Smith's contention that Goldberg breached the parties' 2011 Fee Contract by "failing to file an appeal in the case by requiring that [Smith] pay him an additional $15,000 under duress."[43] In contrast to the portion of Smith's claim that sounds in legal malpractice discussed above, this part of the claim sounds in contract. Smith has not shown that she ever paid $15,000 to Goldberg or to anyone else, let alone shown that there is a dispute of material fact about the harm she allegedly suffered.

In Georgia, "[t]he essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015) (internal quotation marks omitted) (citation omitted). Damages "recoverable for a

---

[43]   ECF 1, ¶ 7.

breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." O.C.G.A. § 13-6-2.

> ### i.   There Is No Evidence of Damages Related to the 2011 Fee Contract.

The Court need not decide whether the 2011 Fee Contract obligated Goldberg to file an appeal for no additional money beyond the initial $5,000 retainer as Smith contends. This is true because there is nothing in the record showing that Smith suffered any damage as a result of Goldberg's alleged demand that she pay him an additional $15,000 to file the appeal. There are no invoices or receipts in the record showing payments by Smith to Goldberg. In fact, the only evidence that Smith paid Goldberg anything in connection with the 2011 Fee Agreement is that document itself, which acknowledges receipt of the $5,000 retainer.[44] Nothing in evidence demonstrates that Smith paid anything further to Goldberg in connection with that contract. Goldberg did in fact perform work in

---

[44]   ECF 23-1, at 42.

exchange for the retainer,[45] despite Smith's dissatisfaction with his performance.[46] Smith retained the "absolute right to discharge" Goldberg at any time.[47]

Nor is there any evidence that Smith was ever under "duress" to pay any amount to Goldberg. O.C.G.A. § 13-5-6 ("Since the free assent of the parties is essential to a valid contract, duress, either by imprisonment, threats, or other acts, by which the free will of the party is restrained and his consent induced, renders the contract voidable at the election of the injured party."); *Chouinard v. Chouinard*, 568 F.2d 430, 434 (5th Cir. 1978) (duress claim "must be based on the acts or conduct of the opposite party and not merely on the necessities of the purported victim. Thus, the mere fact that a person enters into a contract as a result of the pressure of business circumstances, financial embarrassment, or economic necessity is not sufficient.") (footnote omitted) (citations omitted) (applying Georgia law). There is nothing in the record suggesting that Goldberg's refusal to do the appeal for free damaged Smith in any amount.

---

[45]  *See generally id*.

[46]  *See generally* ECF 1; ECF 23-1, at 17 (at time notice of appeal filed with Court of Appeals, Goldberg had "incurred 250 hours of time";  therefore, he "had been paid $20 an hour based on the $5000 [Smith] paid per the contract.").

[47]  ECF 23-1, at 42 ¶ 5.

On November 19, 2012, Goldberg wrote to Smith and informed her that, if the Georgia Court of Appeals took the discretionary appeal by the Board of Regents (on an issue of qualified immunity) in the Underlying Litigation, he would charge $15,000.[48] On December 4, 2012, he informed Smith that the appellate fees would be due toward the end of January or beginning of February 2013.[49] On January 7, 2013, Goldberg requested the payment within ten days.[50] On January 17, Goldberg wrote that "[t]here is still the problem of payment. I am unwilling to do the appeal for free. You seem resolutely unwilling to pay me anything."[51] There is no evidence Smith paid the $15,000 to Goldberg.

Moreover, while the Complaint alleges Smith paid another attorney $6,000 to pursue the appeal, this bare allegation is insufficient at the summary judgment stage. *Celotex Corp.*, 477 U.S. at 324 (stating if movant meets its burden, party opposing summary judgment must present evidence of a genuine issue of material fact). There is no evidence showing that (1) Smith made such a payment or (2) she was harmed by having to do so. The Court of Appeals' panel unanimously ruled

---

[48]  *Id.* at 5.

[49]  *Id.* at 7.

[50]  *Id.* at 9.

[51]  *Id.* at 11.

against Smith and the Georgia Supreme Court unanimously denied her petition for certiorari.[52]

### ii. Smith Has Not Claimed Damages Related to the 2013 Fee Contract.

Smith has made no claim for damages in connection with the $1,000 retainer she paid Goldberg under the 2013 Fee Contract. Even if she had, no breach of that agreement has been alleged. The 2013 contract obligated Goldberg to file a petition for writ of certiorari with the Georgia Supreme Court, which he did.[53] That contract also obligated Smith to pay Goldberg a total of $10,000 related to his work. Whether Smith ever paid the balance of that amount is not apparent from the record.

## IV.   MOTION FOR DEFAULT

Smith seeks entry of a default judgment against Goldberg under O.C.G.A. § 9-11-55 because he did not return the Certificate of Compliance for the Court's Standing Order Regarding Civil Litigation.[54] After Smith filed her motion,

---

[52]   *Freeman*, 324 Ga. App. at 426; ECF 23-1, at 16–17 (indicating Supreme Court denied certiorari 7–0).

[53]   *Freeman*, 324 Ga. App. at 426.

[54]   ECF 51.

Goldberg returned the executed certificate.[55] He also opposed Smith's motion.[56] Smith filed a reply.[57]

The Court construes Smith's motion as one under Federal Rule of Civil Procedure 55, since Georgia's procedural rules do not apply to this case. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.") (footnote omitted) (citations omitted). Federal Rule 55 governs default judgments. When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Default judgments are generally entered by the court. Fed. R. Civ. P. 55(b)(2).

Even if Smith's motion were not mooted by the Court's grant of summary judgment in favor of Goldberg, entry of a default judgment is not appropriate.

---

[55]   ECF 52.

[56]   ECF 53.

[57]   ECF 54.

First, Goldberg has appeared and defended this action. Accordingly, no default was ever entered by the clerk. Fed. R. Civ. P. 55(a). Second, nothing in the Court's Standing Order suggests that a party will or should be subject to a default judgment for a mere failure to timely file the Certificate of Compliance[58]—this is particularly true given the strong policy in favor of deciding cases on the merits, rather than through default. *Worldstar Comm'ns Corp. v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations."). Finally, Goldberg has now filed the certification,[59] the purpose of which is to ensure that the parties and counsel who appear before the Court understand its procedures. It is not a technical hurdle designed to trick litigants out of court—especially those who have meritorious defenses.

There is no basis for entry of a default judgment against Goldberg for his delayed filing of the Certificate of Compliance. Therefore, Smith's motion for default [ECF 51] is **DENIED**.

---

[58]   ECF 49.

[59]   ECF 52.

**V.      CONCLUSION**

For the forgoing reasons, Defendant's motion for summary judgment [ECF 45] is **GRANTED**. Plaintiff's motion for default judgment [ECF 51] is **DENIED**. The clerk is directed to enter judgment in favor of Defendant and to close this case.

**SO ORDERED** this the 31st day of March 2020.

_____
Steven D. Grimberg
United States District Court Judge
