## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CASSANDRA M. SMITH,
     Plaintiff,

              v.

RALPH GOLDBERG,
     Defendant.

Civil Action No.
1:19-cv-02651-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant's motion for attorney's fees [ECF 60] and Plaintiff's motion for reconsideration [ECF 65]. For the reasons stated below, both motions are **DENIED**.

## I.  Background

On March 31, 2020, the Court granted Defendant Ralph Goldberg's motion for summary judgment and denied Plaintiff Cassandra Smith's motion for default judgment.[1] Judgment was entered in Goldberg's favor the same day.[2] The March 31 Order details the factual and procedural background of this breach of contract dispute between Goldberg (an attorney) and his former client, which will not be repeated here.[3] In short, the Court held that there was no genuine issue of material

---

[1]  ECF 57.

[2]  ECF 58.

[3]  ECF 57, at 1–5.

fact with regard to Smith's breach of contract claim, and to the extent Smith's claims sounded in tort, they were barred by the statute of limitations.[4] After entry of judgment in his favor, Goldberg sought attorney's fees and Smith moved for reconsideration.[5] The parties continued to file responses and replies from May through August 2020.[6] The matters are now ripe for consideration.

## II.     Applicable legal standards

### a.     Motion for reconsideration

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Rather, they should be filed only when "a party believes it is absolutely necessary." *Id.* In order to prove absolute necessity, the moving party must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). Such a motion cannot be used to show the Court how it "could have done it better"; to present arguments already heard and dismissed; to repackage familiar arguments; or to offer new legal theories or

---

[4]    *Id.* at 10–21.

[5]    ECF 60; ECF 65.

[6]    ECF 64; ECF 65; ECF 66; ECF 67; ECF 68; ECF 69; ECF 70.

evidence that could have been presented with the previous motion or response. *Id.* at 1259 (citing *Pres. Endangered Areas of Cobb's History Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996); *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001)).

### b.    Attorney's fees

Goldberg seeks attorney's fees pursuant to 28 U.S.C. § 1927 and the Court's inherent power.[7] The Court has the broad discretion to "rely on its inherent power to sanction bad faith conduct in the course of litigation." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010) (internal quotation marks omitted) (citations omitted). *See also Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power is a finding of bad faith.").

## III.   Discussion

### a.    Reconsideration

Smith's motion for reconsideration reargues points she raised in opposition to Goldberg's summary judgment motion, and that were addressed in the Court's March 31 Order. First, Smith reasserts that she did not need an expert affidavit to support her claims because she did not assert a cause of action for professional

---

[7]    ECF 60.

negligence.[8] This argument has already been disposed of.[9] Even if it had not been, it was not the sole basis for the grant of summary judgment in Goldberg's favor.[10]

Moreover, Smith's argument focuses on O.C.G.A. § 9–11-9.1, which requires an expert affidavit to be filed with a complaint for professional malpractice. But that was not the basis for the Court's ruling. Rather, the Court noted—consistent with the substantive Georgia law that applies to this action—that an expert affidavit would have been required to create a dispute of material fact sufficient to withstand summary judgment if the tort portion of Smith's claims were not already barred by the statute of limitations.[11] O.C.G.A. § 9-11-9.1 is irrelevant to that determination. And, the Court's summary judgment order addressed Smith's contention that she was really asserting a breach of contract claim, not one for professional malpractice.[12]

---

[8]   ECF 65, at 2–4. *See also* ECF 47, at 5–6.

[9]   ECF 57, at 16–17.

[10]   *See generally* ECF 57.

[11]   *Id.* at 16–17 (citing *Botes v. Weintraub*, 463 F. App'x 879, 885 (11th Cir. 2012); *Helmich v. Kennedy*, 796 F.2d 1441, 1442–43 (11th Cir. 1986); *Beasley v. West*, Civ. A. No. 1:15-cv-4193-AT-JFK, 2017 WL 6337472, at *3–*5 (N.D. Ga. Sept. 28, 2017); *Johnson v. Butcher*, 165 Ga. App. 469, 470–71 (1983)).

[12]   *Id.* at 11–12.

Smith next argues that her claims were not barred by the statute of limitations because it sounds in contract.[13] This, too, was previously raised and addressed in the March 31 Order: Even if Smith's claims were based entirely in contract, there was no genuine issue of material fact with regard to her alleged damages under any contract.[14] Smith's motion does not point to any newly discovered evidence, a change in the law, or a clear error of fact or law. *Bryan*, 246 F. Supp. 2d at 1258–59. She essentially argues that this Court "could have done it better" the first time around. *Id.* at 1259. This is not an appropriate basis for the Court to reconsider its prior ruling.

> **b.    Attorney's fees**

The Local Rules require a party to file a memorandum of law citing authority in support of every motion. LR 7.1(A)(1), NDGa. Goldberg did not do this. Instead, he filed a bare motion and then filed the supporting brief nearly three weeks later.[15] This alone would permit the Court to deny his motion under its broad discretion. There is, however, a more substantive reason to deny Goldberg's request.

---

[13]    ECF 65, at 4–7.

[14]    ECF 57, at 17–21. *See also* ECF 47, at 1–5.

[15]    ECF 60; ECF 62.

While the Court does have the inherent authority to impose sanctions against a *pro se* litigant, they are not appropriate here.[16] *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." (citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)). It may do so only if there is a demonstration of bad faith. *Peer*, 606 F.3d at 1315; *Barnes*, 158 F.3d at 1214.

---

[16] Smith's references to O.C.G.A. 13-6-11, Georgia's bad-faith litigation statute, in her various filings opposing Goldberg's motion for fees are therefore inapposite. ECF 63, at 2–4; ECF 70, at 2–4.

Moreover, while Goldberg's motion is based both on the Court's inherent authority and Section 1927, it is not at all clear that sanctions under the latter may be imposed against a *pro se* litigant who is not also an attorney. *McKinstry v. Ikon Office Soln's*, Civ. A. No. 1:05-cv-3119-CC-AJB, 2006 WL 8432450, at *16 (N.D. Ga. Aug. 10, 2006) (noting circuit split on this issue). The Ninth Circuit has adopted the position that Section 1927 sanctions may be imposed against a non-attorney *pro se* litigant, *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992) (citing *Wages v. IRS*, 915 F.2d 1230, 1235–36 (9th Cir. 1990)), *cert. denied*, 507 U.S. 1042 (1993). The Eleventh Circuit has not, however, directly addressed this point. *See, e.g.*, *Wizenberg v. Wizenberg (In re Wizenberg)*, No. 20-10641, 2020 WL 7352578, at *5 (11th Cir. Dec. 15, 2020) (upholding sanctions against litigant because "[h]is actions were not excused by his *pro se* status because he is a member of the Florida Bar who had previously appeared in bankruptcy court in the Southern District of Florida"). Goldberg appears to acknowledge this circuit split and the lack of authority from the Eleventh Circuit. ECF 62, at 2 n.2, n.3. There is no indication in the record that Smith is an attorney, and Goldberg presents none in his motion.

Goldberg argues that Smith showed the necessary bad faith by making a "dubious [*in forma pauperis*] application" and through pursuit over "a number of years" of a "vendetta" against him.[17] Rather than addressing Smith's conduct in this litigation, these complaints actually relate to her dissatisfaction with Goldberg's legal services (because of which she initiated this suit) and to her potential ability to pay a sanction. Goldberg acknowledges that he does not have access to Smith's IFP application and the Court finds no obvious deficiency or misleading information in it.[18] These complaints do not demonstrate that Smith knowingly or recklessly pursued a frivolous claim.

> A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.

*Barnes*, 158 F.3d at 1214 (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 649 (9th Cir. 1997)). While both parties hurl allegations of bad-faith conduct at each other, Goldberg's belated brief makes little effort to detail how Smith's actions actually satisfy this standard.[19] As made clear in the lengthy

---

[17]   ECF 62, at 5.

[18]   ECF 3; ECF 62, at 2–3.

[19]   ECF 62, at 2–5 (describing Smith's alleged bad faith); ECF 63, at 4 (accusing

discussion in the Court's summary judgment order, Smith's claims were not so obviously baseless as to be frivolous.[20] Smith's request for reconsideration, while it does not satisfy the requirements for the Court to do so, also did not serve to hamper enforcement of the Court's summary judgment order.[21] The Court does not conclude that Smith acted in bad faith.

## IV.   Conclusion

Defendant's motion for attorney's fees [ECF 60] is **DENIED**. Plaintiff's motion for reconsideration [ECF 65] is **DENIED**. This action remains closed.

**SO ORDERED** this the 18th day of March 2021.

Steven D. Grimberg
United States District Court Judge

---

Goldberg of "showing continuous bad faith").

[20]   *See generally* ECF 57.

[21]   For instance, Goldberg filed a bill of costs [ECF 59] that was taxed in full by the Clerk of Court [ECF 61].